KINDERMANN v. CITY OF WEST BAY CITY.

MUNICIPAL CORPORATIONS—APPOINTMENT OF SPECIAL POLICE—
VETO OF MAYOR.

> The charter of West Bay City (Act No. 442, Local Acts 1897)
> provides (chapter 5, § 3) that the council shall appoint such
> policemen as they shall deem necessary. Chapter 9, § 3, gives
> to the mayor the power to suspend the immediate operation of
> any ordinance or resolution of the council, and provides that
> none shall go into effect if, within three days after its passage,
> he files his reasons in writing why it should not go into effect,
> unless afterwards adopted by a two-thirds vote of the alder-
> men. The mayor, city clerk, and aldermen constitute the
> council. *Held*, that a resolution providing for the appoint-
> ment of a special policeman, and selecting the person to be ap-
> pointed, is subject to veto.

Error to Bay; Maxwell, J. Submitted June 9, 1898.
Decided July 12, 1898.

*Assumpsit* by Nester Kindermann against the city of
West Bay City for salary as policeman. From a judg-
ment for plaintiff, defendant brings error. Reversed.

*S. G. Houghton*, for appellant.

*Walton & Hitchcock*, for appellee.

HOOKER, J. The plaintiff recovered a judgment for
$10 against the defendant upon the claim that he was
appointed policeman of said city, and that such sum was
due him under such appointment. Error is brought by
the defendant, who maintains that the plaintiff was not
lawfully appointed, and that he has performed no services
for the city. Section 3, chap. 5, Act No. 442, Local Acts
1897, provides that—

"The council shall appoint * * * one chief of police,
and such other number of policemen with pay, and such

number of policemen and watchmen without pay, as they shall deem necessary."

Section 3, chap. 9, of the act, contains the following provision:

"No ordinance or resolution passed by the council shall have any force or effect if on the day of its passage, or on the next day thereafter, the mayor or acting mayor shall lodge in the office of the city clerk a notice in writing suspending the immediate operation of such ordinance or resolution. If the mayor or acting mayor shall, within three days after the passage of any such ordinance or resolution, lodge in the office of the city clerk his reasons in writing why the same should not go into effect, the same shall not go into effect nor have any legal operation, unless it shall, at a subsequent meeting of the council, be passed by vote of two-thirds of all the aldermen elect."

On January 24, 1898, the following action was taken by the council:

"*Whereas*, this council was on the 10th instant petitioned by a large number of citizens and taxpayers of the First and Second wards of said city, said petition submitting that the police protection furnished that portion of the city was insufficient, and asking that one additional policeman be appointed therefor:

"*Resolved*, that the council proceed to appoint by ballot one additional policeman, as per the prayer of said petitioners.

"Adopted.

"Yeas: Gleason, Portt, Hawes, Jodway, Grant, F. H. Davis, Wadrop,—7.

"Nays: E. L. Davis, Thomson, Fox,—3.

"Council proceeded to appoint an additional policeman. Result as follows: Numerous ballots being taken, the last ballot stood: Roese, 1; Kiesel, 2; Kindermann, 7.

"Nester Kindermann declared appointed policeman."

The action was promptly vetoed.

It is contended upon behalf of the plaintiff that the appointment of the policemen is confided to the aldermen, and that the mayor has no authority in the premises. The mayor, city clerk, and aldermen constitute the council, under chapter 8 of the charter, hereinbefore cited. Whether the power to veto an election of charter officers

when elected by the council exists under the charter, we need not inquire. In the case before us the council was given authority to determine whether or not it would have policemen, and a resolution to provide for a policeman is clearly subject to veto. Not only the selection of the officer, but the determination to have a policeman, was involved in the action taken. The mayor professed to veto this action—not alone the selection of the plaintiff—upon grounds which show that the resolution to provide for an officer was aimed at.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.